UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.08-80040-Civ-Hopkins

FRANCISCO DASILVA,

        Plaintiff,

vs.

VOZZCOM, INC. and
DOREEN VOZZOLA,

        Defendants.

_____/

**ORDER DENYING DEFENDANTS'**
**MOTION FOR RECONSIDERATION (DE 115)**

**THIS CAUSE** has come before the Court following a jury trial of this matter that concluded with a verdict in favor of Plaintiff. The jury found that Defendants had violated the Fair Labor Standards Act ("FLSA") by failing to pay Plaintiff for eighteen hours of overtime. On December 8, 2008, this Court entered judgment in favor of Plaintiff and awarded him $218.83 in unpaid wages. (DE 91). Following the entry of judgment, Defendants filed a motion for costs based on a Rule 68 Offer of Judgment, which the Court denied, and Plaintiff filed a motion for attorneys' fees and costs, which the Court granted in part. (DE 113).

On June 23, 2009, Defendants filed a Motion for Reconsideration of the Court's Order. (DE 115). On July 31, 2009, when Plaintiff failed to respond to the motion by the Court's extended deadline, the Court issued an Order to Show Cause directing Plaintiff to respond. (DE 118). On August 7, 2009, Plaintiff filed his response to the motion (DE 119) and Defendants filed their reply on August 14, 2009. (DE 120). This matter is now ripe for this Court's review.

## BACKGROUND

This motion stems from an offer of judgment Defendants made to Plaintiff on March 3, 2008, less than two months after Plaintiff filed his lawsuit. The offer stated:

> Defendants hereby propose to settle and forever extinguish the claims in the above-captioned action of the Plaintiff for the total sum of FIVE HUNDRED DOLLARS ($500.00), <u>exclusive</u> of all costs and attorneys' fees now accrued.

*See* Offer of Judgment (DE 111)(*emphasis in original*).

Plaintiff rejected the offer and the case proceeded through discovery and ultimately to trial. During the trial, Plaintiff claimed that he was owed 196 hours of uncredited overtime. (DE 101 at page 2). At the conclusion of the trial, the jury found in favor of Plaintiff, but limited his recovery to only 18 hours of unpaid overtime. Pursuant to the parties' stipulation to have the Court calculate the amount of wages due Plaintiff for the unpaid hours, the Court awarded Plaintiff $218.83, almost $300.00 less than Defendants' offer of judgment.

Defendants sought reimbursement of costs they accrued following their offer of judgment pursuant to Fed. R. Civ. P. 68. (DE 95). The Court denied Defendants' motion, finding that their offer of judgment was invalid because it specifically excluded Plaintiff's recovery of his attorney's fees and costs. (DE 113). With the instant motion, Defendants seek reconsideration of that decision.

## DISCUSSION

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Travelers Cas. and Sur. Co. of America v. Grace & Naeem Uddin, Inc.*, 2009 WL 4110110, *1 (S.D. Fla. Nov. 24, 2009)(*quoting Z.K. Marine Inc. v. M/V*

2

*Archigetis*, 808 F.Supp. 1561, 1563 (S.D. Fla.1992). "In order to reconsider a judgment there must be a reason why the court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Association For Disabled Americans. Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 477 (S.D. Fla. 2002). Here, Defendants have failed to satisfy their burden.

In seeking reconsideration, Defendants essentially claim that the Court misunderstood their offer of judgment. Defendants assert that "neither the intent nor the spirit of [their] offer was to deprive the Plaintiff of his entitlement to attorney's fees and costs pursuant to the provisions of the [FLSA]." (DE 115 at page 3). According to Defendants, even though their offer specifically stated that it was "<u>exclusive</u> of all costs and attorneys' fees now accrued," they actually intended to leave the matter of costs and fees to the Court's discretion. (DE 115 at page 6).

The Court does not find this argument to be compelling and maintains that Defendants are responsible for formulating an offer of judgment that complies with the law and must be held accountable for the language contained in their offer. It is well settled that where a party uses language that is "clear and unambiguous, the court cannot indulge in construction or interpretation of its plain meaning." *Future Tech Intern., Inc. v. Tae Il Media, Ltd.*, 944 F.Supp. 1538, 1565 (S.D. Fla. 1996). Here, there is no basis for the Court to infer that with their offer of judgment Defendants intended to have the Court decide the amount of Plaintiff's fees and costs. There is simply nothing in Defendant's offer of judgment to warrant such an interpretation.

Defendants cite *Freeman v. Wireless Retail Services, Inc.*, 2009 WL 1107757 (M.D. Fla. April 23, 2009), in support of their claim that courts routinely approve offers of judgment even though they contain language indicating that the offer is exclusive of attorney's fees and costs. (DE

3

115 at page 8). However, the offer of judgment in *Freeman* is easily distinguishable from Defendant's offer in this case. In *Freeman*, the offer of judgment specifically provided for the recovery of plaintiff's fees and costs, stating that such "shall be either awarded by the Court or agreed upon by the parties." *Freeman*, 2009 WL 1107757 at *2. Defendant's offer of judgment did not include this critical language and that omission was fatal.[1]

## CONCLUSION

Based on the foregoing, Defendants' Motion for Reconsideration (DE 115) is **DENIED.**

**DONE AND ORDERED** in Chambers this 17 day of December, 2009 at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of Record

---

[1] Defendants' reliance on other cases where an offer of judgment containing the same language at issue here was accepted by the plaintiff and approved by the court is misplaced because the procedural posture of this case is completely different. Here, Plaintiff rejected the offer of judgment and subsequently challenged its validity. Although some plaintiffs may choose to accept offers of judgment that do not comply with Rule 68 and result in court-approved settlements, such has no bearing on this case and does not relieve a defendant from proving that a valid offer of judgment was made should the defendant seek to enforce Rule 68's provisions after a plaintiff achieves a less favorable verdict. Here, Defendant failed to establish the existence of a valid offer of judgment.